**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| **DAVID C. LETTIERI,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 25-cv-13251-ADB** |
| ) | |
| **FEDERAL MEDICAL CENTER** ) | |
| **DEVENS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**<u>ORDER ON MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*</u>**

**BURROUGHS, D.J.**

*Pro se* plaintiff David C. Lettieri, who is confined at FMC Devens, has filed a "writ under Title 28 United States Code 1651" that was entered on the docket as Lettieri's complaint. ECF No. 1.  He also filed a motion for leave to proceed *in forma pauperis*.  ECF No. 2.[1]  As set forth below, the Court will deny the motion for leave to proceed *in forma pauperis* and dismiss the claim with prejudice.

Under the Prison Litigation Reform Act, a prisoner bringing a non-habeas action generally cannot proceed *in forma pauperis* if he has, on three or more prior occasions, filed an action or appeal that was dismissed on the ground that it was frivolous, malicious, or failed to state a claim upon which relief may be granted.  <u>See</u> 28 U.S.C. § 1915(g). Where a prisoner has "three strikes," he may only proceed *in forma pauperis* if he is "under imminent danger of serious physical injury" with regard to the misconduct alleged in the complaint.  <u>Id.</u>; <u>see also</u> <u>Pettus v. Morgenthau</u>, 554 F.3d 293, 297 (2d Cir. 2009) ("[T]here must be a nexus between the

---

[1] Plaintiff did not include the six-month prison account statement required under 28 U.S.C. § 1915(a)(2).

imminent danger a three-strikes prisoner alleges to obtain IFP status[,] and the legal claims asserted in his complaint.").

Plaintiff has, while a prisoner, filed multiple appeals or non-habeas civil actions in federal courts that were dismissed as frivolous or for failure to state a claim upon which relief may be granted.  See, e.g., Lettieri v. U.S. Dep't of Just., Nos. 24-248, 24-1304, 2025 WL 2122767 (2d Cir. Mar. 31, 2025); Lettieri v. Auricchio, No. 24-3166, 2025 WL 3633163 (2d Cir. Mar. 27, 2025); Lettieri v. Broome Cnty. Humane Soc'y, No. 24-3169, 2025 WL 3654243 (2d. Cir. Mar. 26, 2025); Lettieri v. Fed. Bureau of Investigation, No. 24-1311, 2025 WL 1420547 (2d Cir. Feb. 6, 2025); Lettieri v. Broome Cnty. Humane Soc'y, No. 23-8098, 2025 WL 1745141 (2d Cir. Jan. 8, 2025); Lettieri v. Suffolk Cnty. Police, No. 24-1804, 2024 WL 5500583 (2d Cir. Dec. 11, 2024); Lettieri v. U.S. Dep't of Just., No. 24-1500, 2024 WL 5485742 (2d Cir. Dec. 11, 2024); Lettieri v. U.S. Dist. Ct. for N. Dist. of N.Y., No. 24-1533, 2024 WL 5680035 (2d Cir. Dec. 11, 2024); *Lettieri v. Broome Cnty. Humane Soc'y*, No. 24-528, 2024 WL 5480747 (2d Cir. Nov. 22, 2024); Lettieri v. Daniels, No. 23-00867, ECF No. 3 (W.D.N.Y Oct. 16, 2023); Lettieri v. Reynolds, No. 23-00925, ECF No. 4 (W.D.N.Y. Oct. 17, 2023); Lettieri v. Ne. Ohio Corr. Ctr., No. 23-01690, ECF No. 5 (N.D. Ohio Nov. 22, 2023); Lettieri v. Fed. Marshals, No. 23-01872, ECF No. 6 (N.D. Ohio Nov. 30, 2023); Lettieri v. N.Y.State Troopers, No. 23-02077, ECF No. 4 (N.D. Ohio Nov. 21, 2023); Lettieri v. Ne. Ohio Corr. Ctr., No. 23-02172, ECF No. 4 (N.D. Ohio Dec. 11, 2023).  Prior to the commencement of this action, this court had already determined that plaintiff is a "three strikes" litigant, see, e.g., Lettieri v. Santander Bank N.A., No. 24-10361-AK, ECF No. 4 (D. Mass. Mar. 15, 2024), and the United States Court of Appeals for the First Circuit has reached the same conclusion, see Lettieri v. Santander Bank N.A., No. 24-1781, 2025 WL 2823585, at *1 (1st Cir. June 18, 2025)  (dismissing appeal because plaintiff

2

had "not paid the appellate filing fee in full and ha[d] not shown why the appeal should be permitted to proceed without payment of the full filing fee despite his 'three-strikes' status").

Thus, plaintiff cannot proceed without prepayment of the $405 filing fee unless he plausibly pleads in his complaint that the defendants' alleged misconduct places him in imminent danger of serious physical injury.  He has made no such showing.  In his pleading, plaintiff complains of interference with his legal mail and his access to the courts.  These are not allegations of imminent danger of serious physical injury, and accordingly the complaint will be dismissed.

For the foregoing reasons:

1.      The motion for leave to proceed *in forma pauperis* is DENIED.

2.      This matter is DISMISSED with prejudice.

**So Ordered.**

/s/ Allison D. Burroughs
Allison D. Burroughs
United States District Judge

March 27, 2026